**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3362-17T3

FRANZBLAU DRATCH, PC,

     Plaintiff-Respondent,

v.

BRIAN MARTIN,

     Defendant-Appellant.

_____

        Submitted February 5, 2019 – Decided  February 14, 2019

        Before Judges Fisher and Hoffman.

        On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3435-13.

        Peter A. Ouda, attorney for appellant.

        Franzblau Dratch, PC, respondent pro se (Stephen N. Dratch, of counsel and on the brief; Daniel Lebersfeld, on the brief).

PER CURIAM

     In 2013, the plaintiff law firm commenced this action for the collection of legal fees allegedly incurred by the firm while representing defendant Brian

Martin in a matrimonial matter. Plaintiff had difficulties personally serving defendant but claimed to have finally succeeded when it served the summons and complaint on an adult at what was claimed to be defendant's abode. Plaintiff claimed the served individual was defendant's relative and roommate. Based on these representations about service, plaintiff sought and, on April 2, 2014, obtained a default judgment in its favor and against defendant in the amount of $17,839.49.

Defendant moved to set aside the default judgment, claiming the person on whom service was made was not a member of his household and not known to him. He also alleged a meritorious defense. The motion was granted on March 4, 2016, following which defendant filed an answer and counterclaim.

Plaintiff moved for reconsideration of the order that vacated the default judgment. That motion was denied in April 2016. Upon moving again for reconsideration, plaintiff was successful in convincing the judge to overturn the order that vacated the default judgment. Defendant appealed, and we held that the judge erred because a hearing was needed to resolve the factual disputes essential to a determination about service of process. Franzblau Dratch, PC v. Martin, No. A-1017-16 (App. Div. Dec. 12, 2017) (slip op. at 9).

2

After we remanded, plaintiff moved to enforce a settlement it claimed was reached in 2015. This was initially urged by plaintiff when it sought reconsideration of the order that vacated the default judgment. Plaintiff claimed then, and again by way of the motion filed after our remand, that defendant – through a Florida attorney – agreed to pay $3500 in full settlement. On the earlier occasion in September 2016, when vacating the order that vacated the default judgment, the motion judge denied enforcement of this alleged settlement "without prejudice"; the judge advised plaintiff at that time that "if in fact you wish to enforce the settlement I will have a plenary hearing and be more than willing to take testimony at that time."

Following our remand, and as the means of avoiding the mandated hearing regarding service of process, plaintiff moved to enforce the alleged settlement. Plaintiff asserted in its supporting papers:

> Now that the matter has been remanded, [plaintiff] seeks to enforce the settlement that was reached with [defendant]. Furthermore, while the matter has been pending in the Appellate Division, [defendant] paid $1,200 to [plaintiff]. Accordingly, giving him the credit of $1,200, a judgment should be entered in favor of [plaintiff] and against [defendant] in the sum of $2,300.

In responding to this motion, defendant referred to the earlier proceedings, disputed that a settlement ever occurred, and cited the judge's statement in

3                                                                        A-3362-17T3

September 2016 that a hearing was necessary to determine whether a settlement was reached. Defendant argued that the appropriate course would be for the judge to conduct both hearings at the same time.

This motion was heard by another judge. On February 16, 2018, that judge entered an order which enforced the alleged settlement and entered judgment in favor of plaintiff and against defendant in the amount of $2300. The judge provided no explanation for this ruling.

In appealing the February 16, 2018 order, defendant argues that an evidentiary hearing was required on whether a settlement had been reached; he also faults the judge for failing to explain his ruling, as required by Rule 1:7-4(a). In responding to the appeal, plaintiff acknowledges the judge's failure to provide a rationale for his ruling but argues we should exercise original jurisdiction pursuant to Rule 2:10-5 and put this "protracted litigation" to an end. Plaintiff also argues that the written communications about the alleged settlement overwhelmingly demonstrated the existence of a settlement and, consequently, claims no hearing is required.

We need not burden this matter with any extensive discussion. Judges are required to explain their rulings. See Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301-02 (App. Div. 2018). The parties and this court are entitled

to know why the judge took the particular action he took. Because the judge failed to comply with this basic requirement, we must vacate the February 16, 2018 order and remand for further proceedings.[1]

We must also vacate the order under review because the record reveals a genuine factual dispute about the existence of an enforceable settlement; that dispute may only be resolved once the judge considers all relevant evidence offered by the parties at an evidentiary hearing. Should it be determined at that hearing that the parties entered into an enforceable settlement, the court should then enter an appropriate judgment. If, however, it is found that no enforceable settlement was reached, the court should conduct the evidentiary hearing about service of process mandated by our earlier decision; that determination, if necessary, will determine those steps, if any, that must thereafter be taken in this litigation.

We vacate the February 16, 2018 order and remand for proceedings confirming with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] We find insufficient merit in plaintiff's argument that we should exercise original jurisdiction to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-3362-17T3