**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0211-18T4

NEWARK POLICE SUPERIOR
OFFICERS' ASSOCIATION, INC.,

      Plaintiff,

v.

CITY OF NEWARK, LAW
DEPARTMENT,

      Defendant-Appellant.

_____

Submitted October 29, 2019 – Decided November 20, 2019

Before Judges Messano and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. SC-000905-18.

Cleary Giacobbe Alfieri Jacobs LLC, attorneys for appellant (Gregory J. Franklin and Shannon M. Boyne, of counsel and on the briefs).

John J. Chrystal, III, respondent pro se.

PER CURIAM

Defendant, the City of Newark, appeals from orders granting plaintiffs, Newark Superior Officers' Association (the NSOA) and John J. Chrystal, III,[1] summary judgment on their claim that Newark violated a collective negotiations agreement by failing to pay Chrystal, a Newark Police Department Captain, $1482.38 in longevity pay, directing that Newark make the payment within twenty days of June 20, 2018, and denying Newark's motion for reconsideration of the summary judgment order. We reverse.

Chrystal alleges that the NSOA is the collective negotiations representative of certain superior police officers employed in the Newark Police

---

[1] We note that the caption in the Special Civil Part complaint filed in this matter lists the NSOA as the plaintiff, and the body of the complaint refers to Chrystal as the plaintiff. Although the caption remained unchanged throughout the proceedings in the Law Division and on appeal, we read the complaint broadly to include the NSOA and Chrystal as plaintiffs. We further note that Chrystal has prosecuted the present appeal as a pro se litigant on his own behalf. Chrystal is not an attorney and cannot properly represent the NSOA on appeal or otherwise during any proceedings in the Superior Court. See R. 1:21-1(c); R. 1:21-1(f) and N.J.A.C. 1:1-5.4 and -5.6; see also N.J.A.C. 1:5-4(a)(6) (allowing non-lawyer union representatives to apply for permission to represent a party at a contested case "in Civil Service and Public Employment Relations Commission cases"). There is no record of any counsel entering an appearance on the NSOA's behalf during the Law Division proceeding or on this appeal. We therefore consider the appeal as prosecuted only on behalf of Chrystal, as a pro se litigant.

Department,[2] and that the NSOA and Newark are parties to a collective negotiations agreement.[3] Chrystal also asserts that he is a member of NSOA's collective negotiations unit.

The complaint in his matter alleged a simple and solitary cause of action. Plaintiffs alleged the collective negotiations agreement requires that Newark pay Chrystal longevity pay in an amount equal to twelve-and-a-half percent of the compensatory pay he earned during the 2016 calendar year. The complaint asserts Newark violated the collective negotiations agreement and also a "grievance settlement" by failing to pay Chrystal the amount due.

Chrystal filed a summary judgment motion, supported by his certification describing his background and employment history with the police department and annexing various documents, including the collective negotiations agreement, 2016 payroll records for Chrystal, records related to a 2012 longevity

---

[2] According to the collective negotiations agreement annexed to Chrystal's certification, subject to defined exceptions not relevant here, the NSOA is the collective negotiations representative of all superior police officers employed by the City Police Department in the positions of sergeant, lieutenant, and captain.

[3] The collective negotiations agreement annexed to Chrystal's certification covered the period January 1, 2013 through December 31, 2015, but he asserts it remained in effect during 2016, when the dispute at issue on appeal arose, because a successor agreement had not been reached.

3

pay grievance filed by NSOA, court records related to two other litigations between the parties, and records from the Public Employee Relations Commission related to prior disputes between NSOA and Newark. Chrystal's certification did not include any averments of fact pertaining to his longevity pay claim and did not submit a statement of material facts supporting the summary judgment motion as required by Rule 4:46-2.[4]

Newark opposed the summary judgment motion, arguing plaintiffs were obligated under the collective negotiations agreement to pursue the longevity pay claim in accordance with the contractually agreed upon grievance and arbitration provision. Newark also disputed plaintiffs' claim Newark was barred under the doctrine of res judicata from disputing that it was obligated to calculate and award longevity pay based on compensatory time pay. Newark asserted that the resolution of a 2012 longevity pay grievance did not constitute a binding adjudication of the longevity pay issue and the disposition of prior litigation addressed different factual and legal issues than those raised by

---

[4] In a footnote in his appendix on appeal, Chrystal explains that "[a] separate statement of material facts has not been included in the [a]ppendix, as both parties submitted informal briefs that did not contain a separate statement of material facts as required by [Rule] 4:46-2." Chrystal also did not include in the appendix his "informal brief." See R. 2:6-1(2) (prohibiting inclusion of trial briefs in the appendix on appeal unless the brief is referred to in the decision of the trial court or is germane to the appeal).

plaintiff's complaint. Thus, Newark argued the doctrine of res judicata was inapplicable and did not foreclose it from disputing plaintiffs' longevity pay claim. Newark also argued the collective negotiations agreement did not permit or require payment of longevity pay based on compensatory time.

After hearing oral argument, the motion court stated that it reviewed the opinions of two Law Division judges in two other matters and determined "that there needs to be consistency in these rulings for the reasons stated in both of [those] opinions." Although the record did not include any statements of material fact as required under Rule 4:46-2, the court determined there were "no material facts in dispute . . . as to the procedural aspect of [plaintiffs'] claim." The court found that in a prior grievance, it was ordered that "longevity is to be paid" for compensatory time and that, as a result, plaintiffs were entitled to summary judgment on the claim asserted in the complaint. The court entered an order granting summary judgment, and subsequently entered a separate order directing that Newark pay Chrystal $1482.38 within twenty days.

Newark filed a motion for reconsideration of the court's summary judgment order. The court denied the motion, finding Newark had simply reprised the arguments the court previously rejected and otherwise failed to demonstrate the order was palpably incorrect or irrational, the court failed to

consider or appreciate the significance of probative evidence, or there was new information that was not previously available. The court entered an order denying the reconsideration motion, and this appeal followed.

We review a summary judgment order de novo by the same standard governing the motion judge's determination. RSI Bank v. Providence Mut. Fire. Ins. Co., 234 N.J. 459, 472 (2018). "By that standard, summary judgment should be granted 'when "'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'"'" Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995)); see also R. 4:46-2(c). Issues of law are subject to the de novo standard of review, and the trial court's determination of such issues is accorded no deference. Kaye v. Rosefielde, 223 N.J. 218, 229 (2015).

We first observe that, in rendering its decision, the motion court did not make findings of fact and conclusions of law as required by Rule 1:7-4. The court's decision consisted of a general statement that it considered decisions rendered by two judges in other cases and determined, for purposes of

consistency, that the decision should be the same here. The court added only that it found plaintiffs were entitled to summary judgment based on the resolution of a prior grievance directing payment of longevity pay for compensatory time.

A court deciding a summary judgment motion "is obligated to set forth factual findings and correlate them to legal conclusions" as required by Rule 1:7-4. Great Atl. & Pac. Tea Co. v. Checchio, 335 N.J. Super. 495, 498 (App. Div. 2000). In our review of a summary judgment decision, we are required to measure the motion court's findings and conclusions "against the summary judgment standards set forth in Brill." Ibid. Thus, "[a]lthough our standard of review from the grant of a motion for summary judgment is de novo, our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa." Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301-02 (App. Div. 2018) (internal citation omitted). The absence of any factual findings by the motion court does not permit a review of the merits of the court's summary judgment award.

In any event, the motion court could not have made proper findings of fact supporting a summary judgment award because plaintiffs failed to sustain their burden of presenting the court with competent evidence establishing the

purported facts upon which plaintiffs relied. Plaintiffs did not provide a statement of material facts, with citations to competent record evidence, required by Rule 4:46-2(a). See Brill, 142 N.J. at 540 (explaining that a party seeking summary judgment must present competent evidence establishing undisputed facts entitling the party to judgment as a matter of law). In addition, the motion record is otherwise bereft of competent evidence establishing undisputed facts entitling plaintiffs to judgment as a matter of law.

In support of the summary judgment motion, Chrystal relied solely on his certification, which did not include any averments of purported fact establishing an entitlement to summary judgment on the breach of contract claim. Beyond providing his background and employment history, Chrystal's certification merely served as a conduit for the presentation of the documents he annexed and certified were true and accurate copies.

In his brief on appeal, Chrystal weaves a lengthy narrative based on his interpretation of the documents and his version of events related to the documents, but he ignores that beyond the information contained within the documents themselves, the factual assertions providing context and meaning to the documents, and defining the narrative upon which his arguments are founded, are unsupported by any competent evidence. See, e.g., Globe Motor

Co. v. Igdalev, 225 N.J. 469, 484 (2016) (finding a moving party's reliance on a document inadequate to support summary judgment because the meaning of the document's terms "required competent evidence substantiating" the moving party's factual assertions).

The facts supporting summary judgment must be supported by competent admissible evidence. See Brill, 142 N.J. at 540; R. 4:46-2(c). Plaintiffs did not satisfy this basic, but essential, requirement in support of their summary judgment motion by either complying with the requirements of Rule 4:46-2[5] or by otherwise presenting competent evidence of the facts upon which their motion is founded. In our de novo review of the court's summary judgment award, we "must review the competent evidential materials submitted by the parties to identify whether there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law." Bhagat v. Bhagat, 217 N.J. 22, 38 (2015) (emphasis added); see also R. 4:46-2(c). We cannot affirm a summary judgment award where, as here, the record simply, but undeniably, lacks competent evidence establishing the facts essential

---

[5] Plaintiffs' failure to comply with Rule 4:46-2 also deprived Newark of its right to directly respond to the particular facts upon which the motion is based, and to present competent evidence refuting plaintiffs' version of the material facts supporting their summary judgment motion.

to the moving party's claimed entitlement to judgment as a matter of law. We therefore reverse the court's order granting plaintiffs' summary judgment motion, remand for further proceedings, and direct entry of an order denying the motion without prejudice.

Because we reverse the court's summary judgment order, we also reverse the court's order directing that Newark pay Chrystal $1482.38 for longevity pay. Further, the reversal of those orders renders moot the order denying Newark's motion for reconsideration. We therefore do not address the merits of Newark's appeal of the order denying its reconsideration motion.

Our reversal of the summary judgment order also renders it unnecessary to address the merits of plaintiffs' cause of action, the application of the doctrine of res judicata as an alleged bar to Newark's defense to the breach of contract claim, and whether plaintiffs' claim should be dismissed because they are obligated in the first instance to submit the dispute to the contractually agreed upon grievance and arbitration agreement. Nothing in this opinion shall be construed as an expression of an opinion on the merits of those issues, or any others, that may be raised by the parties before the trial court.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10