**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0825-19T2

PHONE RECOVERY SERVICES,
LLC, for itself and the
STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

VERIZON NEW JERSEY, INC.,
and all subsidiaries and related
entities, MCI COMMUNICATIONS
SERVICES, INC., and all
subsidiaries and related entities, XO
COMMUNICATIONS SERVICES
LLC, f/k/a XO NEW JERSEY, INC.,
and all subsidiaries and related
entities, COMCAST BUSINESS
COMMUNICATIONS, INC., and all
subsidiaries and related entities,
YMAX COMMUNICATIONS CORP.,
and all subsidiaries and related
entities, CENTURYLINK
COMMUNICATIONS, LLC, and all
subsidiaries and related entities,
QWEST COMMUNICATIONS
COMPANY LLC, and all subsidiaries
and related entities, UNITED
TELEPHONE COMPANY OF NEW
JERSEY, and all subsidiaries and

related entities, LEVEL 3 COMMUNICATIONS, LLC and all subsidiaries and related entities, BROADWING COMMUNICATIONS, LLC, and all subsidiaries and related entities, TELCOVE INVESTMENT, LLC, and all subsidiaries and related entities, GLOBAL CROSSING LOCAL SERVICES, INC., and all subsidiaries and related entities, TW TELECOM HOLDINGS, INC., and all subsidiaries and related entities, CABLEVISION LIGHTPATH-NJ, LLC, and all subsidiaries and related entities, CABLEVISION LIGHTPATH-NJ, INC., and all subsidiaries and related entities, CABLEVISION LIGHTPATH, INC., and all subsidiaries and related entities; PEERLESS NETWORK OF NEW JERSEY LLC, and all subsidiaries and related entities; BROADVOX-CLEC, LLC d/b/a INTELLIQUENT, INC., and all subsidiaries and related entities,

  Defendants-Respondents,

and

WINDSTREAM COMMUNICATIONS, LLC, and all subsidiaries and related entities, US LEC OF PENNSYLVANIA, LLC, and all subsidiaries and related entities, CAVALIER TELEPHONE MID-ATLANTIC, LLC, and all

2

subsidiaries and related entities,
CAVALIER TELEPHONE, LLC,
and all subsidiaries and related entities,
PAETEC COMMUNICATIONS, LLC,
and all subsidiaries and related entities,
BROADVIEW NETWORKS, INC.,
and all subsidiaries and related entities,
and ATX TELECOMMUNICATIONS
SERVICES, INC., and all subsidiaries
and related entities,

      Defendants.

_____

Submitted September 22, 2020 – Decided October 15, 2020

Before Judges Fisher and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2257-13.

Dilworth Paxson LLP, attorneys for appellant (Thomas S. Biemer, John J. Higson, Erik L. Coccia and Jessica L. Titler-Lingle, on the briefs).

Lowenstein Sandler LLP and Gregory L. Skidmore (Robinson, Bradshaw & Hinson, PA) of the North Carolina bar, admitted pro hac vice, attorneys for respondents Verizon New Jersey, Inc., MCI Communication Services, Inc. and XO Communication Services, LLC f/k/a XO New Jersey, Inc. (Gavin J. Rooney, Naomi D. Barrowclough and Gregory L. Skidmore, on the joint brief).

Ballard Spahr LLP and Laura Steinberg (Sullivan & Worcester LLP) of the Massachusetts bar, admitted pro hac vice, attorneys for respondent Comcast Business

A-0825-19T2

Communications, Inc. (Roberto A. Rivera-Soto and Laura Steinberg, on the joint brief).

McManimon, Scotland & Baumann, LLC and Misty Smith Kelley (Baker, Donelson, Bearman, Caldwell & Berkowitz, PC) of the Tennessee bar, admitted pro hac vic, attorneys for respondents CenturyLink Communications, LLC, Qwest Communications Company, LLC, United Telephone Company of New Jersey, Level 3 Communications, LLC, Broadwing Communications, LLC, Telcove Investment, LLC, Global Crossing Local Services, Inc. and TW Telecom Holdings, Inc. (David L. Isabel, Mel E. Myers and Misty Smith Kelley, on the joint brief).

Stradley Ronon Stevens & Young, LLP and Allison D. Rule (Marashlian & Donahue, PLLC) of the District of Columbia bar, admitted pro hac vice, attorneys for respondent Peerless Network of New Jersey LLC (Jeffrey D. Grossman and Allison D. Rule, on the joint brief).

Saiber LLC, attorneys for respondents Cablevision Lightpath-NJ, LLC, Cablevision Lightpath-NJ, Inc. and Cablevision Lightpath, Inc. (James H. Forte, on the joint brief).

Morgan, Lewis & Bockius LLP, attorneys for respondent YMAX Communications Corp. (Joshua M. Bobeck, on the joint brief).

Reed Smith, attorneys for respondent Broadvox-CLEC, LLC d/b/a Inteliquent, Inc., join in the respondents' joint brief.

PER CURIAM

The so-called 911 Act, N.J.S.A. 52:17C-1 to -20, was enacted in 1989 to create and solidify a statewide emergency telephone system and to establish the New Jersey 9-1-1 Commission and the Office of Emergency Telecommunication Services. With the proliferation of personal cellphones, the State found that it required additional funding to update the emergency telephone system. In response, it established in 2004, the 9-1-1 System and Emergency Response Trust Fund Account (911 Account) within the Department of the Treasury, N.J.S.A. 52:17C-19(a), to provide a stable source of revenue to fund the system.

The 911 Account was funded through the establishment of a $.90 fee, which was imposed "on each customer charged by a telephone exchange company for each voice grade access service line provided to that customer that has a service address in this State." N.J.S.A. 52:17C-18(a)(2). This legislation directed that the fees "shall be collected by the . . . telephone exchange company providing the applicable service to its customers upon payment of any periodic bill for such service." N.J.S.A. 52:17C-18(b).

Plaintiff Phone Recovery Services, LLC commenced this action under the New Jersey False Claims Act, N.J.S.A. 2A:32C-1 to -17, to recover millions of dollars in statutory penalties and unpaid 911 fees it believes the defendant telecommunication service providers failed to collect and remit to the 911

Account.  Defendants promptly moved to dismiss the third amended complaint, asserting that:  (1) the 911 fees constitute taxes and so plaintiff's claims violate the tax bar of the False Claims Act; (2) the claims violate the public disclosure bar of the False Claims Act; and (3) the third amended complaint's fraud allegations failed to contain the specificity required by Rule 4:5-8.  Plaintiff addressed all three of these arguments in opposing the motion.  On the motion's return date, the judge raised on his own whether the State Uniform Tax Procedure Law, N.J.S.A. 54:48-1 to 54-6, precluded this action.  The judge ultimately dismissed the action for this additional reason; he also determined that dismissal was appropriate because plaintiff failed to allege that it had disclosed the subject matter of its complaint to the State before filing it, and that plaintiff failed to plead fraud with particularity.

Plaintiff appeals, arguing:  (1) the motion judge erred in denying plaintiff an opportunity to brief the issue the judge sua sponte raised on the motion's return date; (2) the judge misapplied the Tax Procedure Law; and (3) the third amended complaint met all pleadings requirements, including Rule 4:5-8's specificity requirement.

After careful consideration, we reject the argument that the motion judge misapplied the Tax Procedure Law in dismissing the third amended complaint.

A-0825-19T2

Indeed, plaintiff does not seem to argue that the judge's specific holding about the limitations on its claim by the Tax Procedure Law was in error, only that plaintiff could reconstitute or amend its pleaded cause of action to assert a claim that would not avoid the limitations imposed by the Tax Procedure Law. That is, plaintiff argues to us that the Tax Procedure Law may preclude its False Claims Act suit for uncollected or unremitted taxes or fees, but it would not preclude a cause of action based on defendants' alleged false certification that they had complied with the 911 Act in the collection and remission of taxes and fees. This argument was not raised or considered in the trial court, perhaps because the trial judge did not permit supplementation of the briefing once he raised the Tax Procedure Law's impact on the third amended complaint. In light of the posture this case has taken, we deem the most efficient way of moving forward is to acknowledge that the trial judge's decision to dismiss the third amended complaint was correct but that plaintiff ought to have the opportunity to pursue the issues now raised in this appeal that have not yet been addressed.

To repeat, the judge sua sponte raised the question whether the Tax Procedure Law required dismissal of plaintiff's third amended complaint and then rejected plaintiff's request to brief this new issue. While the judge's refusal to allow further briefing was undoubtedly a matter of discretion, it clearly would

have been better had he exercised his discretion differently. That decision has led to a debate here about whether a modification of plaintiff's claims would escape the reach of the Tax Procedure Law when that should have first been explored in the trial court. To be sure, our standard of review of a decision on a motion to dismiss is de novo, but "our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa." Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 302 (App. Div. 2018). We are presented with an appeal that would have us determine whether a cause of action could be pleaded and maintained when that cause of action has never been presented to the trial court. And so, we will consider only the chief issue decided by the trial court – as to which we agree – while remanding the matter to allow plaintiff to file an amended complaint; we neither consider nor offer any view as to whether that amended complaint may withstand a motion to dismiss.

In turning to what was decided by the motion judge, we agree that the 911 Act is influenced and limited by the Tax Procedure Law. The former, in fact, clearly expresses that the "administration, collection and enforcement of the fee imposed by this act shall be subject to the provisions of the [Tax Procedure Law] to the extent that the provisions of such law are not inconsistent with any

8

provision of this act."  N.J.S.A. 52:17C-18(c)(1).  This can only mean, and we do not understand plaintiff as arguing otherwise, that the Tax Procedure Law governs the administration and enforcement of the fees required by the 911 Act.

Plaintiff also does not argue with the trial judge's determination that the Tax Procedure Law's authorization of a deficiency action for unpaid taxes and fees via the following language – "[t]he taxes, fees, interest and penalties imposed by any such State tax law . . . from the time the same shall be due, shall be a personal debt of the taxpayer to the State, recoverable in any court of competent jurisdiction in an action in debt in the name of the State," N.J.S.A. 54:49-1 – precludes plaintiff's action under the False Claims Act on the same obligations.  See also N.J.S.A. 54:49-6.

But, as we have noted, to circumvent this roadblock plaintiff argues that these statutory provisions do not preclude a Consumer Fraud Act[1] claim "arising out of the false certification of compliance."  That is, plaintiff has turned the focus of its suit from defendants' alleged failure to collect from their customers and remit to the State fees imposed by the 911 Act, to the damage caused by defendants' alleged false certifications or affirmations that the "fee information provided . . . is correct" and that they were subjected to punishment "if any of

---

[1]  N.J.S.A. 56:8-1 to -20.

the information provided . . . is knowingly false." As all acknowledge, this was never raised nor considered in the trial court. So, we choose not to consider the maintainability of such an action tabula rasa and will instead remand the matter to the trial court, which is directed to allow plaintiff to file an amended complaint.

We lastly turn to two procedural points that have not drawn much of the parties' attention. The first is plaintiff's obligation to plead its fraud claim with the degree of specificity required by Rule 4:5-8(a). The judge determined that the third amended complaint was wanting in this regard. Since we affirm the dismissal of the third amended complaint on the ground that it is barred by the Tax Procedure Law, we need not determine whether the claim was or wasn't pleaded with the specificity required by rule.

The second concerns the judge's holding that "[i]n this [third-amended] complaint, plaintiff failed to demonstrate that it disclosed the subject matter of the complaint to the State before filing this action." This holding relates to a statutory mandate that plaintiffs in False Claims Act matters must "serve . . . the Attorney General with a copy of the complaint and written disclosure of substantially all material evidence and information the person possesses." N.J.S.A. 2A:32C-5(d). This provision requires that this service occur

"[i]mmediately upon filing of the complaint." Ibid. The phrasing of the judge's holding suggests that this alternative ground for dismissal was based on plaintiff's failure to plead that it had complied with N.J.S.A. 2A:32C-5(d). We see nothing in the statute that obliges a plaintiff to plead compliance; plaintiff need only comply with the statute. In fact, because compliance need only occur "upon filing of the complaint," the obligation does not require compliance with the service and disclosure obligations before the complaint is filed.

In addition, the record does not suggest that plaintiff failed to advise the Attorney General of the suit or failed to disclose those things referred to in N.J.S.A. 2A:32C-5(d). Like the motion judge, defendants assert only that plaintiff failed to plead that it complied. On the other hand, plaintiff asserts – without reference to anything in the record on appeal – that it had "sufficiently demonstrated that it disclosed the subject matter of the [t]hird [a]mended [c]omplaint to the State before filing it." Our response to the judge's decision is simply this: N.J.S.A. 2A:32C-5(d) does not require plaintiff to assert within their complaints their compliance with that statute's obligations. To the extent there was a dispute about whether plaintiff complied with that statute, the judge did not address it. We, therefore, leave any such dispute for the trial court's consideration following today's remand.

* * *

To summarize, we affirm the dismissal solely on the ground that the Tax Procedure Law precluded plaintiff's pursuit of its claim under the False Claims Act as pleaded in the third amended complaint. We reject the trial judge's determination that plaintiff was required to plead compliance with N.J.S.A. 2A:32C-5(d), which provided an alternative ground for dismissal. And, in light of these determinations, we need not consider whether the claim set forth in the third amended complaint was pleaded with the specificity required by Rule 4:5-8(a).

We remand, however, for the entry of an order allowing plaintiff to file an amended complaint to plead the cause of action referred to in Point II of its brief. We neither express nor intimate any view of whether such a claim would be barred by the Tax Procedure Law or otherwise subject to dismissal pursuant to Rule 4:6-2. And we express no view on defendants' argument in their Point II, in which they contend that the False Claims Act's "public disclosure bar," see N.J.S.A. 2A:32C-9(c), is "an alternative ground on which this [c]ourt can affirm the dismissal" of the complaint. As defendants recognize, this issue was "not reached by the trial court"; we decline to address it now, leaving the matter for further argument in the trial court, if necessary.

A-0825-19T2

Affirmed in part, remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0825-19T2