FUENTES, P.J.A.D.
*299 On October 29 and 30, 2012, Super-Storm Sandy made landfall near Atlantic City, sixty miles south of the Borough of Mantoloking. The storm brought wind gusts as high as eighty miles per hour. The devastation caused to our shore communities by this fury of nature is well-documented.[1] On February 19, 2014, plaintiff Stephanie Doerfler filed a complaint against Chubb Insurance Company of America (Chubb) alleging breach of contract and bad faith in connection with a homeowner's insurance policy. Chubb filed a responsive pleading that asserted a number of affirmative defenses, including that Doerfler's loss was not covered because of the surface water exclusion in the policy. On September 5, 2014, the court severed Doerfler's claims for breach of contract and bad faith.[2]
*300 On October 17, 2014, Doerfler and the Estate of Ronald Doerfler (collectively the Estate) filed a complaint alleging similar claims against defendant Federal Insurance Company (Federal).[3] In its responsive pleading, Federal also asserted as an affirmative defense the insurance policy's exclusion for loss caused by surface water. In an order dated March 16, 2015, the court severed the Estate's bad faith claim and suspended discovery related to it, pending the outcome of the breach of contract claim.
Defendants are members of the Chubb Group of Insurance Companies. Plaintiffs purchased identical Chubb Masterpiece homeowners' insurance policies. Doerfler's policy insured her residential property located on Ocean Avenue in the Borough of Mantoloking, including the personal property kept therein. The policy was in effect from November 16, 2011, to November 16, 2012; the dwelling was insured for $904,000 and the contents kept therein for $361,600. The Estate's policy purchased by Ronald Doerfler, now deceased, also insured property located on Ocean Avenue in Mantoloking, and was in effect from *272 October 1, 2012, to October 1, 2013. The policy insured the dwelling for $2.441 million and the contents of the house for $976,400.
After joinder of issue on the breach of contract claim, the parties cross-moved for summary judgment. The matter came for oral argument before a different judge on February 5, 2016. The transcript of the oral argument session reflects an active and probing discussion between counsel and the motion judge. The discussion focused on the language of the exclusion provision in the policies:
[W]e do not cover any loss caused by: flood, surface water, waves, tidal water, overflow of water from a body of water, ... ; or spray from any of these even if driven by wind.
The exclusions section defined the words "caused by" to "mean any loss that is contributed to, made worse by, or in any way results from that peril."
*301 The motion judge reserved decision at the conclusion of oral argument. In two orders entered on February 5, 2016, the same day of the oral argument session, the motion judge granted defendants' motions for summary judgment; in two other orders entered the same day, the judge denied plaintiffs' cross-motions for summary judgment. The judge did not issue "an opinion or memorandum decision, either written or oral," nor make any factual findings or state any conclusions of law as required by Rule 1:7-4(a). On March 14, 2016, the judge entered a Final Judgment Order "in favor" of defendants Chubb and Federal and "against" plaintiffs Doerfler and the Estate "on all issues and claims relating to the liability of the defendant[s] to the plaintiff[s] as alleged in Count I and II of plaintiff[s]' Amended Complaint[s] for the reasons set forth in defendant[s]' motion papers." (emphasis added).
In light of this uncontested procedural history, we are compelled to reverse and remand this matter to the Law Division, not because we conclude there are material issues of facts in dispute which should be decided by a jury, or because we disagree with the motion judge's legal analysis or conclusions of law; we reach this decision because the motion judge failed to make any findings of facts or reach any conclusions of law, as mandated by Rule 1:7-4(a). Eighteen years ago, our colleague and former Acting Administrative Director of the Courts, Judge Ciancia, wrote:
[N]either the parties nor we are well-served by an opinion devoid of analysis or citation to even a single case. Cross[-]motions for summary judgment do not preclude the existence of fact issues. See O'Keeffe v. Snyder, 83 N.J. 478, 487, 416 A.2d 862 (1980). The obligation to make specific findings on summary judgment motions in accordance with [Rule ] 1:7-4 has been explicitly stated in [Rule ] 4:46-2 since 1972.
A trial judge is obliged to set forth factual findings and correlate them to legal conclusions. Those findings and conclusions must then be measured against the standards set forth in Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146 (1995).
[ Great Atl. & Pac. Tea Co., Inc. v. Checchio, 335 N.J. Super. 495, 498, 762 A.2d 1057 (2000).]
Although our standard of review from the grant of a motion for summary judgment is de novo, *302 Globe Motor Co. v. Igdalev, 225 N.J. 469, 479, 139 A.3d 57 (2016), our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa. Rule 1:7-4(a) provides, in relevant part:
The court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of *273 law thereon ... on every motion decided by a written order that is appealable as of right[.]
[emphasis added.]
These requirements are unambiguous and cannot be carried out by the motion judge by a nebulous allusion to "the reasons set forth in defendant[s]' motion papers."
Reversed and remanded. We do not retain jurisdiction.

See N.J. Dep't of Env't. Prot., Office of Science, Damage Assessment Report on the Effects of Hurricane Sandy on the State of N.J.'s Nat. Res. (May 2015).

In that order, the court also denied without prejudice defendant's motion to dismiss Count II of plaintiff's complaint alleging bad faith, suspended discovery related to the claims raised in Count II "until adjudication or resolution of the breach of contract claim" and dismissed plaintiff's "claim for an award of counsel fees in Count I of the amended complaint[.]"

The Estate originally named Chubb as defendant. The Estate amended the complaint to substitute Federal once the error was discovered.