**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2597-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JEFFREY O. VANDERPOOL,

    Defendant-Appellant.

_____

> Submitted November 14, 2018 – Decided November 20, 2018
>
> Before Judges Fisher and Firko.
>
> On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 15-02-0137.
>
> Michael J. Cennimo, attorney for appellant (Michael J. Cennimo, of counsel and on the brief).
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (Adam D. Klein, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant, a citizen of the Dominican Republic, was indicted and charged with numerous controlled dangerous substance (CDS) offenses. On May 4, 2015, pursuant to a negotiated agreement, defendant pleaded guilty to second-degree CDS distribution, N.J.S.A. 2C:35-5(a)(1), and on June 30, 2015, he was sentenced to a five-year prison term.[1] He did not file a direct appeal. Instead, on June 19, 2017, defendant filed a post-conviction relief (PCR) petition, chiefly arguing his trial attorney failed to inform him that he was pleading to an "aggravated felony," which would subject him to removal from this country.

The PCR judge conducted an evidentiary hearing, at which both defendant and his trial attorney testified. The judge denied relief for reasons expressed in a written decision, and defendant appeals, arguing in a single point that the PCR judge erred by denying relief "without addressing [his] motion to withdraw the guilty plea."

The State acknowledges that defendant argued to the PCR judge "that he should have been permitted to withdraw his plea under Slater,"[2] and there is no doubt that the PCR judge's written opinion does not discuss defendant's Slater argument. The State regardless argues that we should affirm because the Slater

---

[1] The judgment of conviction was entered on July 2, 2015.

[2] State v. Slater, 198 N.J. 145 (2009).

argument would obviously have been rejected. We disagree. Moreover, the parties and this court are entitled to first have the PCR judge's ruling and rationale before determining whether the denial of relief was appropriate. See, e.g., Estate of Doerfler v. Federal Ins. Co., 454 N.J. Super. 298, 302 (App. Div. 2018) (recognizing the appellate function is "to review the decision of the trial court, not to decide the [matter] tabula rasa").

The order denying post-conviction relief is vacated and the matter remanded for a ruling on the Slater issues. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION