NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3846-18T1

EMILIANO RIOS,

     Plaintiff-Appellant,

v.

MEADOWLANDS HOSPITAL
MEDICAL CENTER,

     Defendant-Respondent.

_____

**APPROVED FOR PUBLICATION**

**April 14, 2020**

**APPELLATE DIVISION**

Argued January 27, 2020 – Decided April 14, 2020

Before Judges Messano, Ostrer[1] and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0142-17.

Thomas A. Mc Kinney argued the cause for appellant (Castronovo & McKinney, LLC, attorneys; Thomas A. Mc Kinney, of counsel; Megan Frese Porio, on the briefs).

Margaret O'Rourke Wood argued the cause for respondent (Chiesa Shahinian & Giantomasi PC, attorneys; Margaret O'Rourke Wood and Aaron Paul Davis, on the brief).

---

[1] Judge Ostrer did not participate in oral argument. The parties consented to Judge Ostrer's participation in the decision without further oral argument.

The opinion of the court was delivered by

VERNOIA, J.A.D.

Plaintiff Emiliano Rios, an emergency medical technician (EMT) formerly employed by defendant Meadowlands Hospital Medical Center, appeals from an order granting defendant summary judgment and dismissing his complaint alleging retaliatory discharge in violation of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -42, and from an order denying his motion for reconsideration. Based on our review of the record, we are convinced the motion court erred in its determination plaintiff did not present sufficient evidence establishing the good faith and reasonable basis prerequisite for a LAD retaliatory discharge claim established by our Supreme Court in Carmona v. Resorts International Hotel, Inc., 189 N.J. 354, 372 (2007), and we reverse and remand for further proceedings.

I.

In our review of the record before the motion court, we accept the facts and all reasonable inferences therefrom in the light most favorable to plaintiff because he is the party against whom summary judgment was entered. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Applying that standard, we summarize the pertinent facts as follows.

2

Defendant employed plaintiff as an EMT in its Emergency Medical Services Department (EMS) from August 2012 to July 16, 2015, when defendant terminated plaintiff's employment. From December 2013 through the termination of his employment, plaintiff held the title of Supervisor of EMS.

In November 2013, defendant terminated plaintiff's co-employee and friend Heatherlee Bailey from her employment in EMS. In April 2014, Bailey filed a sexual harassment complaint against defendant and several others. Bailey had never informed plaintiff she was harassed while employed by defendant; plaintiff was unaware of any alleged harassment against Bailey; and plaintiff never reported any harassment or discrimination to defendant's human resources department. Bailey never told plaintiff she was filing the lawsuit, and plaintiff never encouraged her to do so. Thus, plaintiff did not know if there was a good faith or reasonable basis for Bailey's complaint.

After service of Bailey's complaint on defendant, Rostik Rusev, the Coordinator of EMS, "repeatedly told" plaintiff "he needed to be a team player and [d]efendant needed his support against the Bailey lawsuit." Rusev showed plaintiff "papers" from the lawsuit and said "[p]laintiff need[ed] to play ball and help the hospital." Plaintiff described Rusev as "scared or . . . frantic" when he showed plaintiff "papers that [said] Heatherlee Bailey versus

Meadowlands Hospital," and Rusev said he "need[ed] [plaintiff] to help [him] out" and "go . . . and get a restraining order" against Bailey. Rusev also said the hospital's owner "expect[ed] [plaintiff] to help out." Plaintiff did not agree to seek a restraining order against Bailey.

Plaintiff testified about a conversation he had with Rusev and Glenn Berchtold, an Assistant Director of EMS, during which they discussed plaintiff's possible appointment as an Assistant Director of EMS. According to plaintiff, Rusev said that, in order for the appointment to happen, plaintiff needed to "play ball" and say Bailey "was giving [him] a hard time." Plaintiff testified Rusev said, "that's going to be the key for us to win this" and "I need you in on this." Plaintiff asserted that, in response, he told Rusev that he "wasn't all that comfortable with that," and Rusev said plaintiff was "an employee of the hospital and [was] required to protect the hospital."

Plaintiff testified he had many conversations with Rusev concerning the Bailey lawsuit and, at one point, Rusev said that when plaintiff met with defendant's lawyers, he "need[ed] to say . . . there was a hostile work environment"; and that Bailey "was caught giving [plaintiff] a hard time, . . . [plaintiff] didn't want to come into work, [and] . . . [Bailey] was giving [plaintiff] and [another employee] a hard time." Rusev also said he "need[ed]

A-3846-18T1

[plaintiff] to go downstairs and tell all these employees to get any complaints against [Bailey], put them in writing, and bring them up to me."

Plaintiff asserted that at various times he told Rusev he was not comfortable with Rusev's instructions to make the requested statements concerning Bailey or to obtain the requested complaints; the statements Rusev asked he make about Bailey were not true; and he objected to Rusev's request that he fill the role Rusev wanted him to play in defending against Bailey's complaint. Plaintiff claims that following his objections to Rusev's requests and his refusals to accede to the requests, defendant retaliated by removing some of his job responsibilities as EMS supervisor and by later terminating his employment.

Following his termination, plaintiff filed a complaint against defendant alleging he "refused to cooperate with [d]efendant" in Bailey's lawsuit and "refus[ed] to lie about" Bailey. He claimed defendant retaliated against him in reprisal for his refusals, and defendant's actions violated the LAD.

Following completion of discovery, defendant moved for summary judgment, asserting plaintiff could not establish the requisite elements of a retaliatory discharge claim under N.J.S.A. 10:5-12(d). See generally Craig v. Suburban Cablevision, Inc., 140 N.J. 623, 629-30 (1995) (defining the elements of a LAD-retaliation claim). In part, defendant also argued plaintiff

lacked evidence establishing the prerequisite to a LAD-retaliation claim defined by our Supreme Court in Carmona; that plaintiff had a reasonable and good faith belief in the underlying discrimination complaint that triggered the alleged retaliatory actions. 189 N.J. at 373.

The court granted defendant's motion on narrow grounds. It determined the undisputed facts established plaintiff had no knowledge concerning Bailey's underlying complaint, and, therefore, he did not have a "good faith, reasonable basis for complaining about the workplace behavior." The court concluded plaintiff could not sustain his burden of proving the prerequisite required by the Court in Carmona, and it granted defendant's summary judgment motion for that reason alone.

The court later denied plaintiff's reconsideration motion. The court again relied on Carmona and found the prerequisite applied "both to employees opposing discriminatory conduct directed at them as well as employees who purportedly assist or participate in proceedings of their colleagues regarding alleged discriminatory conduct."

Plaintiff appeals from the court's orders granting defendant summary judgment and denying his reconsideration motion. Plaintiff contends the court erred by interpreting Carmona to require he demonstrate a good faith and reasonable basis for Bailey's complaint because he did not allege Bailey's

complaint triggered the retaliation against him.  He contends the <u>Carmona</u> prerequisite only applies to retaliation claims premised on the filing of a complaint by the plaintiff, whereas he was retaliated against in violation of the LAD, N.J.S.A. 10:5-12(d), for opposing defendant's efforts to retaliate against Bailey.  He argues the motion court's application of <u>Carmona</u> constitutes error requiring reversal of the court's orders.

II.

We review the grant of summary judgment de novo, applying the same standard used by the trial court, which

> mandates that summary judgment be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."
>
> [<u>Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh</u>, 224 N.J. 189, 199 (2016) (quoting <u>R.</u> 4:46-2(c)).]

We determine "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party."  <u>Davis v. Brickman Landscaping, Ltd.</u>, 219 N.J. 395, 406 (2014) (quoting <u>Brill</u>, 142 N.J. at 540).  We owe no deference to the trial court's legal analysis.  <u>The Palisades at Fort Lee Condo. Ass'n v. 100</u>

Old Palisade, LLC, 230 N.J. 427, 442 (2017) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

In his single-count complaint, plaintiff alleges defendant's alleged retaliatory actions violated N.J.S.A. 10:5-12(d). The statute provides it is "an unlawful employment practice, or, as the case may be, an unlawful discrimination" for an employer:

> to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has sought legal advice regarding rights under this act, shared relevant information with legal counsel, shared information with a governmental entity, or filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.
>
> [N.J.S.A. 10:5-12(d).]

It is well-settled that, to establish a retaliation claim under N.J.S.A. 10:5-12(d), "plaintiffs must demonstrate that: (1) they engaged in a protected activity known by the employer; (2) thereafter their employer unlawfully retaliated against them; and (3) their participation in the protected activity caused the retaliation." Tartaglia v. UBS PaineWebber, Inc., 197 N.J. 81, 125 (2008) (quoting Craig, 140 N.J. at 629-30).

In Carmona, the Court further defined the elements of a LAD-retaliation claim. 189 N.J. at 369-71. The plaintiff filed a LAD-retaliation claim alleging he was terminated because he complained he was subject to racial discrimination and harassment in the workplace. Id. at 361-63. The defendant argued the plaintiff could not succeed on his LAD-retaliation claim because his discrimination and harassment complaint was baseless and not brought in reasonable good faith. Id. at 364-65. The trial court rejected the defendant's argument; the plaintiff prevailed on the retaliation claim at trial; and we affirmed, refusing to import a "qualification[]"—that a plaintiff prove he or she had a good faith belief in the underlying complaint—that was "not established in the statute." Id. at 367 (quoting Carmona v. Resorts Int'l Hotel, Inc., No. A-5814-03 (App. Div. Oct. 25, 2005) (slip op. at 4)).

On appeal, our Supreme Court considered whether "as a condition precedent to a retaliation claim under the LAD, a plaintiff bears the burden of proving that his or her initial complaint that triggered the later claimed retaliation was filed reasonably and in good faith in the first instance." Id. at 369 (emphasis added). The Court found "a requirement that a LAD-retaliation plaintiff demonstrate that his [or her] underlying complaint was reasonable and in good faith is entirely consonant with the purpose of the LAD," and "its absence may well lead to abuse." Id. at 372-73. The Court concluded such a

requirement is consistent with its interpretation of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -14, id. at 371, and with federal precedent addressing retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, id. at 372-73. The Court also accepted the reasoning of federal precedent interpreting the LAD to include a good faith and reasonableness requirement for LAD-retaliation claims. Id. at 373 (citing Drinkwater v. Union Carbide Corp., 904 F.2d 853, 865 (3d Cir. 1990) and Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1085 (3d. Cir. 1996)).

Persuaded by that authority, and by its determination "the Legislature could not have intended that the LAD provide a safe harbor to one who files a baseless, meretricious complaint," the Court held that where "a plaintiff alleges retaliation under . . . N.J.S.A. 10:5-12[(d)], the plaintiff bears the burden of proving that his or her original complaint—the one that allegedly triggered his or her employer's retaliation—was made reasonably and in good faith." Id. at 373 (emphasis added). In Tartaglia, the Court described the holding in Carmona as a "refine[ment]" of the elements of a LAD-retaliation claim that added a "prerequisite": "a plaintiff must . . . bear the burden of proving that he or she had a good faith, reasonable basis for complaining about the workplace behavior." Tartaglia, 197 N.J. at 125.

10

Here, the court granted defendant's summary judgment motion based on its application of the reasoning in <u>Carmona</u>, concluding plaintiff did not satisfy the prerequisite for a LAD-retaliation claim because he did not have a reasonable or good faith belief in Bailey's complaint. In our view, the court misinterpreted <u>Carmona</u> and misapplied the Court's holding.

N.J.S.A. 10:5-12(d) protects employees from reprisals taken in response to various protected actions. For example, the statute prohibits reprisals because a person "filed a complaint," but it also prohibits reprisals because a person "has opposed any practices or acts forbidden under" the LAD. N.J.S.A. 10:5-12(d). In <u>Carmona</u>, the plaintiff claimed retaliation in reprisal for making a discrimination and harassment complaint under the LAD, and it was in that context the Court determined a plaintiff must prove a reasonable and good faith belief in the underlying complaint to establish a retaliation claim under the LAD. 189 N.J. at 373.

Here, plaintiff does not allege he was retaliated against for filing a discrimination complaint. Rather, he claims he engaged in conduct wholly different than that of the plaintiff in <u>Carmona</u>, but which nonetheless is protected under N.J.S.A. 10:5-12(d). He claims he was retaliated against because he "opposed . . . acts forbidden under the" LAD. N.J.S.A. 10:5-12(d).

11

The facts proffered by plaintiff, which we accept as true for our analysis of the court's disposition of the summary judgment motion, show defendant attempted to retaliate against Bailey for the filing of her LAD complaint. Following the filing of Bailey's complaint, defendant requested plaintiff file a baseless complaint for a restraining order against Bailey; conjure up false complaints about Bailey; and make false statements about her. Those requests constitute an attempt by defendant to commit "an unlawful employment practice" in violation of N.J.S.A. 10:5-12(d)—retaliation against Bailey for her filing of a sexual harassment complaint.

If plaintiff had acceded to the requests, Bailey would have been compelled to respond to a baseless complaint seeking a restraining order against her, forced to fend off false complaints, and required to confront false allegations made by plaintiff solely as a result of requests made by defendant in response to, and in retaliation for, Bailey's filing of her LAD lawsuit. Defendant's alleged requests to plaintiff constitute a paradigm of retaliatory conduct the LAD expressly prohibits. Plaintiff's opposition to defendant's requests, effectuated through his refusal to take the actions and make the statements defendant requested, prevented defendant from retaliating against Bailey.

12

N.J.S.A. 10:5-12(d) provided Bailey with protection from any reprisals made in response to the filing of her LAD complaint, and, if Bailey filed a retaliation claim, Carmona would have required that Bailey prove she had a good faith and reasonable belief in her underlying LAD complaint. See Carmona, 189 at 373. However, distinct from the protections against retaliation Bailey had under N.J.S.A. 10:5-12(d), the statute provided plaintiff with protection from retaliation triggered by his opposition to defendant's efforts to retaliate against Bailey.

We interpret the Court's holding in Carmona to require that a plaintiff asserting a retaliation claim under N.J.S.A. 10:5-12(d) must establish as a prerequisite that the alleged action triggering the retaliation was taken on a good faith and reasonable basis. In Carmona, the Court required the plaintiff demonstrate his underlying complaint was made on a good faith and reasonable basis because it was the filing of that complaint—an action protected from reprisals under N.J.S.A. 10:5-12(d)—that triggered the alleged retaliation.

Here, the filing of Bailey's complaint was not the protected action under N.J.S.A. 10:5-12(d) that triggered the retaliation plaintiff alleges in the complaint. The Court's decision in Carmona, therefore, does not require that plaintiff demonstrate a good faith and reasonable basis for Bailey's complaint.

A-3846-18T1

Such a requirement would be inconsistent with the broad remedial purposes of the LAD because it would bar claims of employees, like plaintiff, who have no knowledge regarding the basis of a co-employee's underlying complaint, but who nonetheless have a good faith and reasonable basis to oppose an employer's actions that otherwise violate the LAD. N.J.S.A. 10:5-12(d) expressly prohibits retaliation against a person who opposes practices or acts forbidden by the LAD, but the motion court's misapplication of the Carmona standard incongruously protects defendant from liability for alleged retaliatory acts that clearly fall within the statute's proscription.

We apply the Court's broad holding in Carmona—that a prerequisite to a N.J.S.A. 10:5-12(d) claim is a showing the protected action triggering the retaliation was taken on a good faith and reasonable basis—to plaintiff's claim. Thus, as a prerequisite to his claim, plaintiff was required to demonstrate there was a good faith and reasonable basis for his opposition to defendant's actions that are forbidden by the LAD.[2] Having reviewed the summary judgment record, we are satisfied plaintiff sustained that burden by presenting evidence

---

[2] N.J.S.A. 10:5-12(d) also prohibits reprisals against a person who "assist[s] [another person] in any proceeding under" the LAD or "aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by" the LAD. We are not convinced the protected activity plaintiff claims triggered the alleged retaliation against him falls within these categories, and, we therefore do not consider the application of the Carmona holding to claims made under those provisions.

A-3846-18T1

he refused defendant's requests that he seek a meritless restraining order against Bailey and make misrepresentations concerning her. Giving plaintiff the benefit of all favorable inferences, plaintiff demonstrated he had a good faith and reasonable belief defendant's requests constituted efforts by defendant to unlawfully retaliate against Bailey for the filing of her discrimination and harassment complaint.

We therefore reverse the court's order granting defendant's summary judgment motion. We do so on the narrow ground that the court erred by finding plaintiff did not present sufficient competent evidence establishing the Carmona prerequisite for his LAD-retaliation claim. We offer no opinion on the merits of defendant's other arguments supporting its summary judgment motion before the motion court. They were not addressed by the motion court, and we do not decide summary judgment motions "tabula rasa." Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301-02 (App. Div. 2018). The court shall address those arguments as appropriate on remand.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3846-18T1