**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3660-18

MICHAEL J. KELSEY,

     Plaintiff-Appellant,

v.

PLYMOUTH ROCK ASSURANCE
d/b/a PLYMOUTH ROCK
MANAGEMENT COMPANY OF
NEW JERSEY d/b/a HIGH POINT
PREFERRED INSURANCE
COMPANY,

     Defendant-Respondent.

_____

             Submitted November 30, 2020 – Decided March 17, 2021

             Before Judges Mayer and Susswein.

             On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. DC-007855-18.

             Michael J. Kelsey, appellant pro se.

             Tango, Dickinson, Lorenzo, McDermott and McGee, LLP, attorneys for respondent (Richard M. Tango, of counsel; Michael W. Cantelli, on the brief).

PER CURIAM

Plaintiff, Michael J. Kelsey, appeals from a March 15, 2019 order granting summary judgment to defendant, Plymouth Rock Assurance. We reverse and remand.

This case arises from an insurance claim for property damage caused by Superstorm Sandy. Defendant denied coverage, contending that plaintiff failed to give prompt notice of the claim as required under the insurance policy. Plaintiff, who is self-represented, filed suit alleging that the insurance company acted in bad faith in violation of the New Jersey Unfair Claims Settlement Practices Act (NJUCSPA), N.J.S.A. 17B:30-2. Defendant did not file a timely answer to the civil complaint and the trial court entered default. Defendant thereafter filed a motion to vacate the default and to permit it to file an answer out-of-time. The trial court granted defendant's motion on February 8, 2019. On March 1, 2019, defendant filed a notice of motion for summary judgment. On March 14, 2019, plaintiff filed an opposition to defendant's summary judgment motion and filed a motion to strike defendant's answer and reinstate defendant's default status nunc pro tunc.

The trial court granted defendant's motion for summary judgment on March 15, 2019. Apparently, the court was unaware that plaintiff had filed an

opposition. The box marked "unopposed" was checked on the court's March 15, 2019 order. The order does not include a statement of reasons, and so far as the record indicates, the court did not place its reasons for granting summary judgment on the record. On March 28, 2019, the court denied plaintiff's motion to strike defendant's answer and reinstate default status, stating "[m]otion denied as moot. Summary judgment was already granted in this case."

As noted, plaintiff appeals from the March 15, 2019 order that incorrectly presupposed that defendant's motion was unopposed. Defendant acknowledges in its appeal brief that plaintiff had in fact filed opposition. We note further that defendant's appeal brief argues the merits of its summary judgment motion but does not address or even mention plaintiff's central contention on appeal that the trial court incorrectly assumed that plaintiff's summary judgment motion was unopposed.

"[W]hen deciding summary judgment motions, trial courts are required to engage in the same type of evaluation, analysis or sifting of evidential materials by [Rule] 4:37-2(b) in light of the burden of persuasion that applies if the matter goes to trial." Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 539–40 (1995). It also is well-settled that a motion court must explain the reasons for its decision. R. 1:7-4. Accordingly, "[a]lthough our standard of review from

the grant of a motion for summary judgment is de novo, . . . our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa." Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301–02 (App. Div. 2018) (emphasis in original) (internal citation omitted).[1]

Plaintiff is entitled to have the trial court consider his arguments for opposing summary judgment against him. In this instance, it does not appear that the trial court considered those arguments, and the reasons for granting the motion were not written or placed orally on the record. For these reasons, we are constrained to vacate the order granting summary judgment and remand for

---

[1] In addition, Rule 2:5-1(b) provides:

> Within [fifteen] days [after the appellant has placed the trial judge on notice of the appeal], the trial judge . . . may file and mail to the parties an amplification of a prior statement, opinion[,] or memorandum made either in writing or orally and recorded pursuant to [Rule] 1:2-2. If there is no such prior statement, opinion[,] or memorandum, the trial judge . . . shall within such time file with the Clerk of the Appellate Division and mail to the parties a written opinion stating findings of fact and conclusions of law.
>
> [(emphasis added).]

In this instance, it appears that the trial court also failed to adhere to this requirement.

A-3660-18

the trial court to make appropriate findings under the <u>Brill</u> standard.  We offer no opinion on the merits of defendant's summary judgment motion.

Reversed and remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-3660-18