**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2853-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

A.W.,[1]

     Defendant-Appellant.

_____

> Argued September 18, 2024 – Decided October 7, 2024
>
> Before Judges Rose and Puglisi.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment Nos. 98-10-2052 and 99-08-1540, and Accusation Nos. 99-03-0476 and 05-12-2179.
>
> William Riback argued the cause for appellant (William Riback, LLC, attorneys; William Riback, on the briefs).
>
> Jaimee M. Chasmer, Assistant Prosecutor, argued the cause for respondent (Mark Musella, Bergen County Prosecutor, attorney; William P. Miller, Assistant

---

[1] We use initials pursuant to Rule 1:38-3(c)(15).

Prosecutor, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

Claude Caroline Heffron argued the cause for amicus curiae Association of Criminal Defense Lawyers of New Jersey (Pashman Stein Walder Hayden, PC, attorneys; Claude Caroline Heffron, on the brief).

PER CURIAM

Defendant A.W., a non-citizen of the United States, appeals from two April 10, 2023 orders denying his petition for post-conviction relief (PCR) without an evidentiary hearing and his motion to withdraw his guilty pleas to six marijuana convictions entered between 1999 and 2005.  We affirm.

We summarize the relevant facts and procedural history from the limited record provided on appeal.[2]  At issue are the follow convictions:

**Indictment No. 98-10-2052**
Conviction:  Fourth-degree distribution of marijuana, N.J.S.A. 2C:35-5(a)(1) and (5)(b)(12).
Sentence:  Fifteen months' imprisonment.
Date of conviction:  July 2, 1999.

**Accusation No.  99-03-0476**
Convictions:  Two counts of distribution of marijuana within 1000 feet of a school, N.J.S.A. 2C:35-7; and

---

[2]  For example, defendant only provided the transcript of the plea hearing pertaining to his 2006 conviction because, as the State explained during argument before the PCR court, transcripts are not retained by the courts beyond twenty years.

A-2853-22

one count of possession with intent to distribute marijuana within 1000 feet of a school (collectively, school-zone convictions).
Sentence: Three years' imprisonment with a fifteen-month parole ineligibility term, imposed concurrently with the sentence under Indictment No. 98-10-2052.
Date of convictions: July 2, 1999.

**Indictment No. 99-08-1540**
Conviction: Fourth-degree possession of marijuana, N.J.S.A. 2C:35-10(a)(3).
Sentence: Eighteen months' imprisonment, imposed concurrently with the sentence defendant was then serving.
Date of conviction: March 17, 2000.

**Accusation No. 05-12-2179**
Conviction: Fourth-degree possession of marijuana 2C:35-10(a)(3).
Sentence: Two years' probation.
Date of conviction: March 17, 2006.

A Jamaican national and permanent United States resident, defendant was deported in 2007.[3] Fourteen years later, in 2021, with the assistance of retained counsel, defendant moved to withdraw his guilty pleas and filed a PCR petition. Defendant's applications were made a few months after the Legislature enacted marijuana reforms, codified in the Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act (CREAMMA), N.J.S.A. 24:6I-

---

[3] Defendant's removal papers are not contained in the record.

31 to -56, and implemented in the Attorney General Law Enforcement Directive Governing Dismissal of Certain Pending Marijuana Charges No. 2021-1.

In his PCR brief, defendant raised five points, arguing: (1) the non-school-zone offenses were "vacated by operation of law"; (2) his PCR petition was not time-barred; (3) his plea attorneys were ineffective for rendering erroneous advice concerning the potential deportation consequences and failing to file certain pretrial motions; (4) his plea attorneys' misadvice rendered his plea involuntary and, as such, he should be permitted to withdraw his guilty plea; and (5) he established "manifest injustice" warranting withdrawal of his guilty plea under the Slater[4] factors.

During oral argument before the PCR court on February 14, 2023, defendant's attorney commented that same day our Supreme Court issued its decision in State v. Gomes, 253 N.J. 6 (2023), a pretrial intervention case that discussed CREAMMA's legislative history, including the civil rights violations that spurred its enactment. Noting all but defendant's convictions for school-

---

[4] State v. Slater, 198 N.J. 145, 157-58 (2009) (establishing four factors a court should weigh in evaluating a motion to withdraw a guilty plea: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused").

A-2853-22

zone offenses were vacated "by operation of law," see id. at 25-27 (quoting N.J.S.A. 2C:52-6.1), PCR counsel argued "[b]ecause marijuana is still illegal at the federal level," vacatur of the non-school-zone convictions was "meaningless for foreign nationals unless the vacatur [wa]s based on a constitutional infirmity." PCR counsel contended defendant's civil rights were violated under CREAMMA and his right to due process was violated based on his plea attorneys' misadvice. PCR counsel further asserted defendant's school-zone convictions should be subject to the same automatic vacatur under CREAMMA.

The PCR court denied relief. In a written decision accompanying the April 10, 2023 orders, the court initially found defendant's PCR petition was untimely. Noting defendant "was deported one year after his final conviction in 2006," and "did not file an application for PCR until 2021," the court found defendant failed to establish excusable neglect to relax the five-year time bar under Rule 3:22-12(a)(1). Nonetheless, the court addressed defendant's substantive ineffective-assistance-of-counsel claims and concluded they lacked merit under the familiar Strickland/Fritz[5] standard. The court also found the

---

[5] Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (requiring a defendant seeking PCR on ineffective-assistance-of-counsel grounds demonstrate: (1) the particular manner in which counsel's

Slater factors weighed in the State's favor. Accordingly, the court denied defendant's motion to vacate his guilty pleas.

On appeal, defendant abandons his ineffective-assistance-of-counsel claims. He raises the following arguments for our consideration[6]:

> A. [Defendant] should be entitled to withdraw his guilty plea under Slater's four[-]factor test as a result of CREAMMA.
>
> 1. [Defendant] meets factor one for offenses "automatically expunged" because the Legislature has "completely rejected" these convictions.
>
> > a. Gomes holds that CREAMMA's "automatic expungement" is not "rehabilitative."
> >
> > b. Federal law does not recognize "rehabilitative" expungements.
> >
> > c. The [c]ourt should determine that the Legislature intended to provide the "automatic expungement" because the convictions are procedurally and substantively improvident.
>
> 2. [Defendant] meets Slater factor one for convictions under [N.J.S.A.] 2C:35-7 utilizing equal protection analysis because these convictions are substantively no different than those under [N.J.S.A.] 2C:35-5(12).

---

performance was deficient; and (2) the deficiency prejudiced defendant's right to a fair trial).

[6] We eliminate defendant's sub-headings under A(2) for the reader's convenience.

. . . .

> 3. Under <u>Slater</u> prong two, [defendant] has strong reasons for withdrawing his pleas.
>
> 4. Factor three, that the conviction was entered through a plea bargain, should be given no weight.
>
> 5. Factor four, unfair prejudice, should weigh in favor of [defendant].
>
> B. [Defendant] should be entitled to [PCR for the same reasons as argued above].
>
> C. The [c]ourt should exercise original jurisdiction to resolve the issues of law which were raised below.

In essence, defendant seeks reentry into the United States, arguing federal law does not recognize his automatically-expunged marijuana convictions under CREAMMA, unless they are designated "procedurally and substantively improvident," because immigration courts do not recognize "rehabilitative" expungements. For the first time on appeal, defendant challenges the constitutionality of CREAMMA to the extent the Act "fail[s] to provide an 'automatic expungement'" for school-zone convictions. In that context, defendant argues CREAMMA violates defendant's right to equal protection.

We permitted the Association of Criminal Defense Lawyers of New Jersey (ACDL) to appear as amicus curiae. The ACDL joins defendant urging us to declare marijuana convictions "void due to the inherent procedural and substantive defects" for immigration purposes. The ACDL also supports

7

defendant's argument that CREAMMA's exclusion of convictions for school-zone offenses violates equal protection.

As a threshold matter, before the PCR court, defendant failed to notice the Attorney General of his constitutional challenge to the exclusion of school-zone offenses under CREAMMA. See R. 4:28-4(a)(1) (providing a party questioning a state statute's validity "shall give notice of the pendency of the action to the Attorney General"). Accordingly, it would have been procedurally improper for the PCR court to have entertained the constitutionality of the statute without advance notice to the Attorney General.

Similarly flawed is defendant's request to amend his CREAMMA vacatur orders to expressly state his expungements were "procedurally and substantively improvident." Defendant's argument "is best left for consideration by the Legislative and Executive branches of government." In re Declaratory Judgment Actions Filed by Various Muns., 446 N.J. Super. 259, 267 (App. Div. 2016); see also State v. Saavedra, 433 N.J. Super. 501, 525 (App. Div. 2013). We simply note, as did the State, following the enactment of CREAMMA, "the Legislature has not repealed or amended [the school zone statute]."

Moreover, even if we were inclined to consider defendant's statutory challenge to the school-zone offenses and proposed revision to automatic

expungement orders under CREAMMA, we would not be able to do so on the basis of the inadequate record in this case. Notwithstanding our de novo review of statutory interpretation issues, see State v. Gandhi, 201 N.J. 161, 176 (2010), "our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa," Est. of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 302 (App. Div. 2018).

To the extent not addressed, defendant's remaining contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm the April 10, 2023 orders substantially for the reasons set forth by the PCR court in its accompanying written decision – based on the arguments raised by defendant before the court.

In summary, defendant's non-school-zone convictions under Indictment No. 98-10-2052, Indictment No. 99-08-1540, and Accusation No. 05-12-2179 are automatically expunged under CREAMMA. We decline to revise the vacatur orders to state the expungements were "procedurally and substantively improvident." Although defendant's school-zone convictions under Accusation No. 99-03-0476 do not qualify for automatic expungement under CREAMMA, he may apply for their expungement under N.J.S.A. 2C:52-5.1(a)(1)(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2853-22