# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3567-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KEVIN W. PETERSON,

     Defendant-Appellant.

_____

Submitted September 20, 2022 – Decided October 7, 2022

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 15-06-0681.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kevin W. Peterson appeals from a June 29, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Because the PCR court failed to decide all claims raised by defendant, made conclusory factual findings based, in large part, on defendant's oral argument statements, and drew no legal conclusions, we vacate the order and remand for a full consideration of defendant's PCR contentions.

I.

Following allegations that he sexually assaulted his seven-year-old daughter, defendant was charged in a seven-count Burlington County indictment with one count each of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1), fourth-degree lewdness, N.J.S.A., 2C:14-4(b)(1), and four counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b). In December 2015, defendant pled guilty to endangering the welfare of a child, subject to Megan's Law reporting requirements, N.J.S.A. 2C:7-1 to -23, and parole supervision for life, N.J.S.A. 2C:43-6.4, in accordance with the negotiated plea agreement. Defendant agreed to waive his right to appeal and have no contact with the victim. The State recommended a seven-year prison term and agreed to dismiss the remaining charges.

Prior to sentencing, defendant underwent a psychological evaluation at the Adult Diagnostic and Treatment Center (ADTC). The examiner found defendant's conduct was repetitive but not compulsive, and therefore defendant was not subject to sentencing under the Sexual Offender Act, N.J.S.A. 2C:47-1 to -10. Pertinent to this appeal, the January 22, 2016 ADTC examination report indicated defendant "rejected any notion that he may have committed the present offense and can no longer recall doing so because of drug or alcohol intoxication." The examiner also referenced defendant's reports from the Hampton Behavioral Health Center (HBHC), stating he had been "diagnosed with depression, generalized anxiety disorder, polysubstance dependence and personality disorder NOS." However, the examiner found no "symptomatology that would confirm the presence of a psychotic thought disorder." Defendant told the examiner he had been diagnosed with Post-Traumatic Stress Disorder (PTSD). The examiner recommended "[c]ontinued psychotherapy, psychiatric supervision[,] and treatment for substance abuse."

Similarly, defendant's presentence report (PSR) stated "defendant reported that he was under the influence of heroin at the time of the offense." Defendant told the probation officer who prepared the PSR, "he completed a

[thirty-]day inpatient dual diagnoses program at [HBHC] in 2006." Defendant also reported he suffers from PTSD and depression.

In February 2016, defendant moved to withdraw his guilty plea. In his letter brief supporting the motion, plea counsel argued that although the Megan's Law consequences had been explained to defendant, "it was not until after the entry of the plea [that defendant] truly grasp[ed] the onerous burden a Megan's Law sentence places on an individual." Defendant also claimed "he was not emotional[ly] competent at the time of the plea allocation and therefore [his guilty plea] was not knowing and voluntary." However, prior to sentencing on March 18, 2016, defendant withdrew the motion, and the trial court sentenced him pursuant to the terms of the plea agreement. Consistent with the agreement, defendant did not appeal from his conviction or sentence.

On May 1, 2019, defendant filed a timely pro se "letter in an attempt to file PCR." See R. 3:22-12(a)(1) (generally requiring the filing of a first PCR petition within five years of the defendant's conviction). Defendant claimed his assigned attorney's representation was "inadequate" because plea counsel: (1) "lied" about "sen[ding] out [a] [p]rivate [i]nvestigator" to investigate his leads; and (2) failed to correctly detail the charge to which he pled guilty. Defendant also asserted his innocence. However, defendant's letter was not sworn and he

4

did not file a verified petition.  See R. 3:22-8 (mandating, among other requirements, that the PCR petition "be verified by the defendant").

Thereafter, defendant was assigned PCR counsel, who supplemented defendant's pro se correspondence by filing a brief.  However, PCR counsel did not file a verified petition on defendant's behalf.  PCR counsel asserted plea counsel was ineffective by failing to:  (1) provide defendant full discovery and conduct a pretrial investigation; (2) file all appropriate pretrial motions; (3) assert a diminished capacity defense; and (4) argue all applicable mitigating factors at sentencing.  PCR counsel further contended plea counsel's cumulative errors denied defendant his right to a fair trial.

The State opposed defendant's application, annexing plea counsel's February 20, 2020 certification to its responding brief.  Plea counsel recalled: representing defendant on the offenses charged in the indictment; defendant pled guilty on the "plea cutoff" date; and the judge imposed a prison sentence pursuant to the negotiated plea agreement.  Plea counsel further asserted:  he received all pretrial discovery from the State in July 2015; requested the Division of Youth and Family Services (DYFS)[1] records from the court; "the

---

[1] Effective June 29, 2012, DYFS was renamed the Division of Child Protection and Permanency.  L. 2012, c. 16.

Office of the Public Defender does not hire private investigators"; and he filed three motions on defendant's behalf, including "a motion requesting a <u>Michaels</u>[2] or taint hearing, a motion barring the use of the child's statement, and a letter brief at [defendant]'s request for his pro se motion to withdraw [his] guilty plea."

On June 15, 2020, the PCR court heard argument on defendant's application.[3] Defendant, who had been released from prison, was present at the hearing. PCR counsel withdrew defendant's claim that he had not been provided pretrial discovery. To support her remaining arguments, PCR counsel primarily relied on her brief but emphasized defendant's "mental health background" to support his contention that plea counsel failed to raise a diminished capacity defense.

The State also relied on its responding brief, amplifying its primary points. The prosecutor argued: "I think it's very important to note that defendant submitted a certification saying that he did not receive discovery and now, of course, we're hearing that he did."

---

[2] <u>State v. Michaels</u>, 136 N.J. 299 (2004).

[3] The PCR judge was not the same judge who had accepted defendant's guilty plea and imposed sentence.

A-3567-20

The PCR court then permitted defendant to argue at length on his own behalf. Defendant was not placed under oath but acknowledged – when asked by the PCR court midway through his argument – that everything he had said until that point was the truth. Neither PCR counsel nor the State asked defendant any questions.

Defendant reiterated his innocence, claiming while his case was pending, he was "depressed, suicidal," and "overmedicated at the county jail." In response to the PCR court's inquiry, defendant claimed he was not "thinking clearly" when he entered his guilty plea but did not inform the trial court because he "just wanted it to be over." Claiming he "was suffering from health issues in the county jail" when his case was pending, defendant stated he "didn't want to sit there for five years" awaiting trial. Defendant claimed he had since learned plea counsel failed to "offer [him] a lot of things that a lawyer or public defender can offer their client." Defendant stated he pled guilty because he feared facing imprisonment for the seventy-four-year term plea counsel calculated if defendant were found guilty of all counts after trial.

Immediately following defendant's argument, the PCR court found "a sufficient enough basis to have [plea counsel] testify," and scheduled an evidentiary hearing for the following month. However, on June 26, 2020, the

court sua sponte reconsidered its decision and issued an order denying PCR for the reasons stated in an accompanying three-paragraph letter opinion. The court cited no legal authority. Instead, the court found defendant's credibility was "irreparably damaged" in view of his testimony at the December 7, 2015 plea hearing and his statements at the June 15, 2020 PCR hearing.

The PCR court concluded:

> [Defendant] claims he did not receive discovery materials yet he said he reviewed discovery with his attorney at the time of the plea. He testified that he was satisfied with the representation he received and now testifies that he is not satisfied. He testified at the plea hearing that he was not forced into accepting a plea but now says his attorney told him he had to plead guilty. He testified at the plea hearing he was thinking clearly and was not under the influence of any alcohol, drugs or medical condition that would affect his decision-making ability and now testifies that he was overmedicated while in the jail. From the court's perspective, the defendant has not been truthful under oath at least once if not twice. Barring his trial counsel agreeing with all his assertions, it is highly unlikely that his previous attorney's testimony would move the needle on this court's assessment of the defendant's paucity of credibility.

This appeal followed.

On appeal, defendant raises a single point for our consideration:

> AS THE PCR COURT FAILED TO ADJUDICATE ALL OF DEFENDANT'S PCR CLAIMS AND THERE IS A GENUINE ISSUE OF MATERIAL FACT IN

8

DISPUTE, THIS MATTER SHOULD BE REMANDED FOR AN EVIDENTIARY HEARING.

## II.

As a preliminary matter, we recognize defendant's unverified PCR application did not comply with Rule 3:22-8.[4] Defendant failed to file a verified petition. Defendant's initial pro se correspondence to the court was unsworn and, by his own acknowledgment, the letter was "an attempt to file PCR." Further, PCR counsel filed a supplemental brief but did not annex a sworn statement by defendant. However, because the State neither moved to dismiss the petition before the PCR court nor raised the issue on appeal, we overlook any applicable procedural bars to defendant's claims under Rule 3:22-8.

When the PCR "court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the . . . court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014). Notwithstanding our de novo standard of review, "our function as an appellate court is to review the decision of the trial court, not to decide the

---

[4] Because the assistant prosecutor specifically referenced defendant's certification during the June 15, 2020 PCR hearing and defendant did not provide a certification on appeal, our clerk's office contacted the parties for clarification. The assistant prosecutor who argued the matter before the PCR court explained she was referring to defendant's "brief and handwritten submission."

motion tabula rasa." Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301-02 (App. Div. 2018) (internal citation omitted). The PCR court's duty to "state separately its findings of fact and conclusions of law," is expressly stated in Rule 3:22-11. See also R. 1:7-4(a) (requiring the court to set forth its factual and legal findings "on every motion decided by a written order that is appealable as of right"). The court must clearly state its "factual findings and correlate them with relevant legal conclusions so the parties and appellate courts may be informed of the rationale underlying the conclusion." See Monte v. Monte, 212 N.J. Super. 557, 564-65 (App. Div. 1986); see also State v. Singletary, 165 N.J. Super. 421, 425 (App. Div. 1979).

In the present matter, our review is hampered by the insufficiency of the PCR court's factual findings and the lack of any legal conclusions. The PCR court's "findings" in this case were limited to a conclusory credibility assessment based on a comparison between four of defendant's statements made under oath during his plea colloquy and his statements during oral argument on his PCR application. Notably, defendant was not placed under oath at the outset of the PCR hearing. Instead, the court inquired midway through defendant's argument whether everything he had said to that point had been the truth. We are not convinced that procedure was proper.

Moreover, the PCR court failed to address the claims asserted in defendant's pro se May 1, 2019 correspondence or those raised in PCR counsel's supplemental brief. As one notable example, absent from the court's opinion is any mention whatsoever of defendant's contention that plea counsel failed to raise a diminished capacity defense in view of the information contained in the ADTC and PSR reports. Further, defendant's claims, such as whether plea counsel failed to file certain pretrial motions, were not necessarily dependent on defendant's credibility.

For these reasons, and in the interests of justice, we remand the matter for the court to address defendant's arguments under the two-part Strickland/Fritz[5] test and issue appropriate Rule 1:7-4 findings. In view of the PCR court's credibility assessment, the case should be assigned to another judge. See R. 1:12-1(d); Pressler and Verniero, Current N.J. Court Rules, cmt. 4 on R. 1:12-1 (2023) (stating "the appellate court has the authority to direct that a different judge consider the matter on remand in order to preserve the appearance of a

---

[5] Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring a defendant seeking PCR on ineffective assistance of counsel grounds to demonstrate: (1) the particular manner in which counsel's performance was deficient; and (2) that the deficiency prejudiced defendant's right to a fair trial); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

fair and unprejudiced hearing").  Our decision to remand for a new proceeding should not be construed as expressing a view on whether defendant has made a prima facie showing of ineffective assistance or whether there is a need for an evidentiary hearing on remand.  Those issues should be re-evaluated by the new PCR judge on the complete record following oral argument.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3567-20