**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1084-22

MOHAMMED JALOUDI,

    Plaintiff-Respondent,

v.

NJHR1, LLC,

    Defendant-Appellant,

and

NEW JERSEY HOME SALES,
INC. and JOSEPH FOX,

    Defendants.

_____

        Argued December 12, 2023 – Decided February 23, 2024

        Before Judges Natali and Puglisi.

        On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3020-18.

        Adam D. Greenberg argued the cause for appellants (Honig & Greenberg, LLC, attorneys; Adam D. Greenberg, on the briefs).

George J. Cotz argued the cause for respondent.

PER CURIAM

Defendant NJHR1, LLC[1] appeals from the Law Division's November 14, 2018 order denying its motion to transfer venue; the May 6, 2019 order denying its motion for summary judgment; the August 26, 2019 order granting plaintiff Mohammed Jaloudi's motion to quash defendant's subpoena; and, following a trial without a jury, the November 7, 2022 order finding in favor of plaintiff and ordering defendant to return plaintiff's $25,000 deposit. Because the record before us does not contain the court's reasons underpinning the November 2018, May 2019 and August 2019 orders, which may have impacted the trial verdict, we vacate the four orders and remand for further proceedings.

In October 2017, the parties entered into a standard real estate sales contract for plaintiff to purchase a house owned by defendant in Linwood, Atlantic County. Pursuant to the terms of the contract, plaintiff made a $25,000 earnest money deposit to his nephew, the attorney representing him in the purchase.

---

[1] Defendants New Jersey Home Sales, Inc. and Joseph Fox did not participate in this appeal.

Although the property was being sold "as is," plaintiff was permitted to conduct a home inspection. Plaintiff was required to provide defendant with any inspection report and list of requested repairs within ten days after the attorney review period, which was November 3, 2017. Instead, on November 2, 2017, plaintiff's attorney emailed defendant a copy of a home inspection report, stating he would "advise upon review with [his] client," and that he "should have a response within the next few days."

On November 6, 2017, plaintiff's attorney sent defendant an email requesting to "have an inspector drill a small hole in the stucco[] to test for permeation and other issues." Fox responded that same day, "The inspection period had already ended." On November 13, 2017, plaintiff's attorney terminated the contract based on defendant's failure to address the requested inspection.

On November 16, 2017, plaintiff's attorney emailed defendant, informing him that plaintiff's mortgage application had been denied. Attached to the email was an adverse action notification from LoanDepot, a web-based mortgage servicer, indicating the application was "declined" because LoanDepot was "[u]nable to [v]erify [i]ncome." Plaintiff averred that under the contract's mortgage contingency clause, the "contract [was] . . . rendered null and void."

The purchase did not proceed and defendant refused to release plaintiff's $25,000 deposit.

On September 12, 2018, plaintiff filed a verified complaint in Passaic County Superior Court, seeking a refund of the deposit, costs of suit and attorney's fees. The complaint stated plaintiff canceled the contract "based on [d]efendants' failure to address the inspection report," and averred venue lay in Passaic County because "the bank in which [the] escrow [was] deposit[ed]" was located there. He then filed an amended verified complaint adding breach of contract and unjust enrichment claims.

Plaintiff filed an application for an order to show cause to proceed summarily and defendants cross-moved for a change of venue to either Atlantic County, where the real property was located, or to Burlington County, where both defendants resided. By order dated November 14, 2018, the court denied defendant's cross-motion, noting "The property at issue is located within Passaic County. Thus, venue has been properly laid by . . . [p]laintiff's filing within the Passaic County Vicinage." By order dated January 25, 2019, the court denied plaintiff's application for an order to show cause.

Following responsive pleadings and discovery, defendants filed a motion for summary judgment on January 18, 2019 and plaintiff cross-moved for

4

summary judgment. On May 6, 2019, in what appears to be an informal telephone conference on the record, the parties discussed their positions on the case. At one point the judge stated:

> I certainly have enough [issues of fact] with the issue of the mortgage contingency clause. . . . It would be the defendants' burden to show that [plaintiff] did not proceed diligently in getting a mortgage and, quite frankly, that may be the case but there's certainly genuine issues of material fact at least at this point.

The court entered two orders denying both motions, indicating "application denied for the reasons set forth on the record [May 6, 2019]."

In the interim, defendant served a subpoena on plaintiff's attorney seeking all documents in his possession concerning the real estate contract, including emails from the attorney "relating to the transaction, the contract, inspections of the property, loan applications, mortgage applications, loan approvals, [and] loan denial," including "communications to or from lenders, banks, loan officers, etc." During the May 6, 2019 telephone conference, the parties advised the judge the motion was pending. The attorneys were to "try to work out a management order," and set the return on the motion for May 24. We do not have anything before us in the record from that date. On August 26, 2019, the court entered an order granting plaintiff's motion to quash the subpoena, which

A-1084-22

noted, "[i]nformation requested appears privileged." We also do not have before us anything in the record from that date.

The matter was then tried before a different judge, who found in favor of plaintiff. By order dated November 7, 2022, the $25,000 deposit was to be released to plaintiff. This appeal follows.

On appeal, defendant's counsel ordered transcripts for the relevant court appearances but was informed none existed for the November 2018 and August 2019 proceedings. Counsel advised us he contacted both judges who conducted the proceedings and was again advised that no recordings were made; he also contacted the court clerk, who told him no recordings exist to transcribe. Counsel has exercised due diligence to provide transcripts of the proceedings for our review, to no avail.

Pursuant to Rule 1:7-4(a) "the court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right." See also R. 1:6-2(f).

Although the November 14, 2018 order provided a statement in support of its decision, it is unclear how the location of a bank deposit established venue. Venue of "actions affecting title to real property or a possessory or other interest

6

therein, or for damages thereto" shall be laid "in the county in which any affected property is situate," R. 4:3-2(a)(1); or for other actions not specifically identified, "venue . . . shall be laid in the county in which the cause of action arose, or in which any party to the action resides at the time of its commencement." R. 4:3-2(a)(3). Based on the bare comment indicated in the order, we cannot discern the court's reasoning for denying the motion.

Although we have the transcript of the May 2019 proceeding wherein summary judgment was denied, it appears to be a telephone conference that reflects no factual or legal findings placed on the record.

More troubling, we are also wholly without any reasons for the court's granting of plaintiff's motion to quash the subpoena. The court did not analyze what documents were sought and why they were privileged. This is particularly critical because at trial, plaintiff abandoned his prior assertions that he canceled the contract based on unanswered demands for repair, and instead claimed the contract was rendered void because he did not obtain mortgage approval. Defendants sought the loan documents to advance their theory that plaintiff intentionally sabotaged the application process in order to void the contract and may have been limited in their defense at trial because they were unable to pursue this inquiry. We are not suggesting that the documents would have borne

7

out this theory; however, we do not have any reasons before us supporting the order quashing their attempts to access this information.

To the extent the orders on appeal are subject to an abuse of discretion standard of review, without a record we are unable to discern whether the court exercised its discretion. In addition, our de novo review of summary judgment is not a substitute for a trial court's obligation, in the first instance, "to set forth factual findings and correlate them to legal conclusions," and then measure them "against the standards set forth in Brill." Great Atl. & Pac. Tea Co., Inc. v. Checchio, 335 N.J. Super. 495, 498 (App. Div. 2000) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). As we explained in Estate of Doerfler v. Fed. Ins. Co., "[a]lthough our standard of review" of a summary judgment order "is de novo, our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa." 454 N.J. Super. 298, 301-02 (App. Div. 2018) (citation omitted).

Although we have a complete transcript of the trial and the court's reasons for the verdict, this outcome may have been impacted by the three preceding orders and therefore we are constrained to vacate that order as well.

The court's November 14, 2018 order denying defendants' motion to transfer venue; the May 6, 2019 orders denying both parties' motions for

summary judgment; the August 26, 2019 order granting plaintiff's motion to quash defendant's subpoena; and the November 7, 2022 order entering judgment are vacated, and the matter is remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-1084-22