**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1510-23

HEATHER VIEBROCK,

    Plaintiff-Appellant,

v.

TRANSWORLD SYSTEM,
INC. and CONVERGENT
OUTSOURCING,

    Defendants-Respondents.

_____

Submitted May 6, 2025 – Decided August 28, 2025

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. DC-005927-23.

Edward Hanratty, attorney for appellant.

The Sessions Firm, LLC, attorneys for respondents (Aaron R. Easley and Jay I. Brody, on the brief).

PER CURIAM

Plaintiff Heather Viebrock appeals from two January 5, 2024 Special Civil Part orders: one denying her cross-motion to amend her complaint, and the other granting summary judgment in favor of defendants Transworld System, Inc. (TSI) and Convergent Outsourcing, Inc. (COI) (collectively, defendants) and dismissing plaintiff's complaint with prejudice. Having reviewed the record and the applicable law, we affirm the trial court order granting summary judgment. However, we reverse the order denying plaintiff's motion to amend the complaint and remand to the trial court for entry of findings of fact and conclusions of law in accordance with Rule 1:7-4.

## I.

Viewed in the light most favorable to the non-moving party, we recount the salient facts from the record. Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 125 (2023). Plaintiff obtained a student loan from JPMorgan Chase to finance her college education. This loan was subsequently acquired by National Collegiate Student Loan Trust 2007-4 (NCSLT). Plaintiff failed to make the required payments, defaulting on the loan on April 6, 2020. NCSLT subsequently transferred the outstanding debt for collection to COI, a licensed and bonded collection agency in New Jersey.

More than two years later, on October 31, 2022, plaintiff had a short phone call with a COI representative about repaying her student loan debt. Plaintiff certified that she agreed to make a $6,000 payment to COI, one payment of $276.26, and twenty-two monthly payments of $276.12. A $6,000 payment was then made to COI, reducing plaintiff's total amount due from $30,877.25 to $24,877.25. COI then sent a letter to plaintiff on November 5, 2022, confirming plaintiff's new total amount owed. Subsequently, COI sent plaintiff a letter on the fourteenth of each month, confirming the receipt of her pre-authorized payments and confirming the schedule for upcoming payments.

However, in a letter dated December 6, 2022, COI misstated plaintiff's outstanding balance as $22,367.21, which reflected a $2,510.04 decrease in plaintiff's account balance, even though COI had only received a single payment of $276.26. Unfortunately, this error was reflected in all subsequent letters from COI, with the final letter, dated February 7, 2023, reflecting the total amount owed as $21,814.97.

In 2023, COI merged with its parent company TSI, which was also a licensed and bonded collection agency in New Jersey. In a letter dated March 13, 2023, TSI informed plaintiff of the total balance due as $23,772.77. Believing this amount was greater than her actual obligation, plaintiff ceased

making payments. In response, TSI confirmed the amount owed and included a copy of plaintiff's account payment history.

On August 3, 2023, plaintiff filed a complaint against defendants in the Special Civil Part. In her complaint, plaintiff asserted that under the New Jersey Student Loan Servicing Act (NJSLSA), N.J.S.A. 17:16ZZ-1 to -18, defendants were student loan servicers who "engaged in an unfair or deceptive practice toward plaintiff . . . in connection with the servicing" of her student loan. Plaintiff also asserted a claim under the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, that "[d]efendants acts and/or omissions constitute[d] an unconscionable business practice[.]"

Defendants moved for summary judgment on November 7, 2023. Plaintiff opposed this motion, challenging the accuracy of her balance and arguing that defendants were not licensed in New Jersey as student loan servicers. On November 20, 2023, the court rescheduled the trial date for January 6, 2024. Plaintiff subsequently filed a cross-motion to amend her complaint, adding a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692f. Plaintiff also filed a cross-motion to transfer the case from the Special Civil Part to the Law Division.

A-1510-23

In an oral decision rendered on January 5, 2024, the trial court concluded that neither TSI nor COI acted as a student loan servicing entity. The court further concluded that the CFA did not apply to either TSI or COI, as defendants were debt collectors who did not sell any merchandise or real estate. Accordingly, the trial court granted summary judgment for defendants, dismissing plaintiff's complaint with prejudice.

The trial court also denied plaintiff's motion to amend her complaint and transfer it to the Law Division, although the latter is not the subject of this appeal. In doing so, the trial court simply stated that it "will deny the motions to amend and to transfer." Corresponding orders were entered that day. This appeal follows.

II.

Plaintiff raises two arguments on appeal. First, plaintiff contends the trial court erred by granting summary judgment for defendants. Plaintiff further contends that the trial court erred by denying her motion to amend the complaint.

We review a trial court's grant of summary judgment de novo, applying the same standard as the motion court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). Thus, we must "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)).

In considering summary judgment, we are required to give the non-moving party "the benefit of the most favorable evidence and most favorable inferences drawn from that evidence." Est. of Narleski. v. Gomes, 244 N.J. 199, 205 (2020) (quoting Gormley v. Wood-El, 218 N.J. 86 (2014)). If "a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,]" summary judgment is appropriate. Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). However, no special deference is owed to the motion judge's legal analysis. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018) (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016)).

Plaintiff acknowledges that defendants are assigned the right to collect on her defaulted student loan as the designated collection agent of the NCSLT. However, plaintiff incorrectly argues that defendants are student loan servicers under the NJSLSA. Neither TSI nor COI is a "student loan servicer" who is

"responsible for the servicing of any student education loan to any student loan borrower." N.J.S.A. 17:16ZZ-1. Nor did TSI or COI "service" a loan under the NJSLSA because neither defendant received scheduled periodic payments, communicated with plaintiff during a period when no payment was required and interacted with plaintiff to facilitate servicing activities to help present plaintiff's default. Ibid. The record demonstrates TSI and COI's interaction with plaintiff began after she defaulted on the student loan.

Having conducted a de novo review of the record, we hold that TSI and COI were debt collectors whose only interaction with plaintiff, a defaulted borrower, distinguished them from student loan servicers. Therefore, as debt collectors, defendants are not subject to the NJSLSA.

We next address the applicability of the CFA to defendants. Again, we consider the record in the light most favorable to the non-moving party, and we hold plaintiff's claim lacks merit.

The CFA's scope is limited to fraud "in connection with the sale or advertisement of merchandise or real estate." N.J.S.A. 56:8-2. Debt collection activities on behalf of a third-party are not connected to the sale of merchandise and fall outside the scope of the CFA. See DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 339 (App. Div. 2013).

7

Plaintiff provides no case law or statutory authority that the debt collection actions of TSI or COI fall within the scope of the CFA. Here, the record demonstrates uncontroverted facts that defendants did not sell any goods or services to plaintiff; therefore, plaintiff's claims are not covered by the CFA. Giving plaintiff all reasonable inferences, we conclude summary judgment was appropriate.

Lastly, we address the trial court's denial of plaintiff's motion to amend the complaint shortly before the trial date. "[A] trial court's decision to grant or deny a motion to amend the complaint [is reviewed] for [an] abuse of discretion." Grillo v. State, 469 N.J. Super. 267, 275 (App. Div. 2021) (quoting Port Liberte II Condo. Ass'n, Inc. v. New Liberty Residential Urb. Renewal Co., 435 N.J. Super. 51, 62 (App. Div. 2014)) (internal quotation marks omitted). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Here, the court dismissed plaintiff's motion to amend the complaint in a single sentence. The court did not provide findings of fact and conclusions of

8

law to support its decision denying plaintiff's motion in the January 5, 2024 order. As prescribed by <u>Rule</u> 1:7-4, a judge is required to provide reasons in support of his or her decision, either on the record or in writing. "Naked conclusions are insufficient." <u>Heinl v. Heinl</u>, 287 N.J. Super. 337, 347 (App. Div. 1996). We cannot review the decision of the trial court on a blank slate. <u>Est. of Doerfler v. Fed. Ins. Co.</u>, 454 N.J. Super. 298, 301-02 (App. Div. 2018). For these reasons, we reverse the January 5, 2024 order denying plaintiff's motion to amend her complaint and remand to the trial court to make findings on this issue. We do not express an opinion one way or the other as to the proper outcome of the motion.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1510-23